**Antonio URTIAGA–ROGERS, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 29271

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 14, 1971.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970. 431 F.2d 409, Part I.

Antonio Urtiaga-Rogers, pro se.

Seagal V. Wheatley, U. S. Atty., John Truelson, Asst. U. S. Atty., San Antonio, Tex., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from the district court's denial of the motion to vacate the judgment and sentence[1] of Antonio Urtiaga-Rogers. We affirm.

Appellant was convicted on his plea of guilty of a violation of 26 U.S.C. § 4755(a) (1), by importing a quantity of marihuana without having registered and paid the special tax as provided under 26 U.S.C. §§ 4751–4753. He was sentenced on July 23, 1968 to serve five years; and there was no direct appeal.

■ Appellant's sole contention is that his conviction under this statute was violative of his privilege against self-incrimination. He cites Leary v. United States[2] in support of this claim. Leary held that the Fifth Amendment privilege is applicable to prosecutions under 26 U.S.C. § 4744(a); but it did advert to the validity of the statute under which Urtiaga-Rogers was convicted.

In a recent case, the constitutionality of a conviction and sentence for violation of § 4755(a) (1) was upheld. United States v. King, S.D.Cal.1969, 307 F. Supp. 217, affirmed, 9th Cir. 1970, 430 F.2d 1177, cert. denied 1971, 401 U.S. 962, 91 S.Ct. 972, 28 L.Ed.2d 247. The offense involved was exactly the same as that for which Urtiaga-Rogers was convicted. Relative thereto, the district court held as follows in King:

"In this case the defendant was convicted of a violation of 26 U.S.C. § 4755(a) (1). Whatever may be the effect of Leary upon the manufacturing, producing, compounding, dealing in, dispensing, prescribing, administering and giving away portions of § 4751, Leary can have no effect on the importing provisions of that section.

No one questions the power of the United States to regulate and tax the flow of goods across its international borders and prescribe conditions under which goods may be imported". 307 F.Supp. at 218.

■ Whereas denial of certiorari is not in all cases to be construed as a ruling on the merits of an appeal, we believe it has that effect in the King case. See Harrington v. United States, 5th Cir. 1971, 444 F.2d 1190. Accordingly we affirm the order of the district court on the authority of United States v. King, supra.

Affirmed.

---

1. 28 U.S.C. § 2255.

2. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).