[Crim. No. 1406. Fourth Dist. July 30, 1959.]

THE PEOPLE, Respondent, v. LONNIE C. ALLEN, Appellant.

Lonnie C. Allen, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

MUSSELL, Acting P. J.—Appellant was charged with possession of firearm capable of being concealed upon the person by one previously convicted of a felony (Pen. Code, § 12021). He admitted four prior felony convictions alleged in the information, personally waived trial by jury, and was found guilty of the charge by the court. He was committed to the state prison and appeals from the judgment of conviction.

It was stipulated by appellant personally and through his counsel that he, appellant, came across the international boundary line between the United States and Mexico, at San Ysidro, and came on to the Customs Inspection Station there; that he was searched by a Mr. Fawver and a pistol was found in his pocket; that a passenger, Mr. Dace, who was with appellant at that time would testify that he had not seen the pistol before; and that he (appellant) told the officers that he knew that the pistol was in his pocket at the time he came across.

The sole defense raised by appellant at the trial was that the court had no jurisdiction of the territory where the act took place, as the situs was under the exclusive jurisdiction of the United States government.

Maps introduced in evidence show that United States Highway 101 runs south to the border at San Ysidro, adjacent to the customs house on the west; that a county road runs east from highway 101 adjacent to the customs house on the south, and that its west end intersects with Highway 101. It is apparent from the record that appellant crossed a part of the

Highway 101 or the county road to reach the customs house from Mexico and the trial court expressly so held.

While the criminal jurisdiction of a state is confined to its borders, it has power to punish crimes committed in part in this state. (*People* v. *MacDonald*, 24 Cal.App.2d 702, 709 [76 P.2d 121].) In the case of *In re Carmen*, 48 Cal.2d 851, 855 [313 P.2d 817], the court said:

"Federal jurisdiction over offenses which are committed within the boundaries of this state and which are defined by state law is exceptional and, in trials in the courts of this state, such jurisdictional claims are ordinarily defensive matter. (See *People* v. *Collins*, 105 Cal. 504, 509 [39 P. 16].) Petitioner therefore should have alleged and proved in the trial court any facts which he now claims might have had the effect of vesting exclusive jurisdiction in the federal courts."

In the instant case appellant failed to prove exclusive jurisdiction of the United States government over the area crossed by him in reaching the customs house, where he was placed under arrest.

Judgment affirmed.

Shepard, J., concurred.