**Clarence J. DANIELS, Appellant,**

v.

**UNITED STATES of America, Appellee.**
**No. 22181.**

United States Court of Appeals
Ninth Circuit.
Oct. 9, 1968.

Benjamin M. Davis, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, JERTBERG and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is an appeal from a judgment of conviction on two counts of an indictment. Each count charged a violation on different days of 26 U.S.C. § 4742(a) in that appellant did knowingly and wilfully transfer marihuana to a San Francisco police officer, "not pursuant to a written order from the officer on a form issued in blank for that purpose by the Secretary of Treasury or his delegate, as required by the laws of the United States." [1]

The appellant raises two contentions on appeal,

(1) that we consider as plain error the giving of erroneous instructions on the "possession—presumption" problem which were not objected to in the trial court; and

(2) that there was a failure of proof as to count II, in that there was no proof that the police officer did not produce and hand to appellant the order form for the marihuana sold, referred to in the statute.

The court correctly instructed the jury as to the charge in each count, and the statute alleged to have been violated.

Probably because of the press of business, the court inadvertently then gave two instructions presented by the United States attorney, which were not applicable to the charge in the indictment, but rather to a different charge under a different statute.

The court instructed:

A. "The section of the law, 4744a of Title 26, also provides that 'Proof that any person shall have had in his possession any marihuana [and] shall have failed after reasonable notice and demand by the secretary or his delegate to produce the order form required by Section 4742 to be retained by him shall be presumptive evidence of guilt under that sub-section.' However, this section does not change the fundamental rule that the accused is presumed innocent until proved guilty beyond a reasonable doubt. Nor does it impose upon the accused the burden or duty to produce proof that the marihuana transferred was handled as required by law or any other evidence."

B. The court further instructed:

"As previously stated, the burden is always on the prosecution to prove beyond a reasonable doubt every essential

1. § 4742. Order forms
(a) General requirement—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate. * * * "

element of the crime charged. What the statute means is that upon a trial for violation thereof, if the jury should find beyond a reasonable doubt from the evidence in the case that the accused has had possession of the marihuana as charged, the fact of such possession alone, unless explained to the satisfaction of the jury by the evidence in the case, permits the jury to draw the inference and find that the accused was a *transferee* required by law to pay a tax on the marihuana possessed, and also required by law to have an order form therefor issued by the Secretary of the Treasury." [Emphasis added].

C. There followed proper instructions on actual and constructive possession. The court stated "counsel in this case have agreed that the issue of whether the defendant had physical possession of the package is not in dispute. *The question for you to decide is whether the accused knew or had reason to know what it is that he possessed. That is, did he know that these packages contained marihuana.*" [Emphasis added].

D. The court then followed with a correct statement of the elements of the offense, to-wit:

"Two essential elements are required in order to establish the offense charged here in this indictment: First, the act of transferring the marihuana, not pursuant to a written order form from officer Hampton; and second, doing the act or acts of transferring such marihuana knowingly and wilfully."

No exceptions were taken to the instructions given. We are asked to hold that plain error occurred under Rule 52 (b), F.R.Cr.P.

The question is whether the error substantially affected the rights of appellant.

## THE FACTUAL POSTURE OF THE CASE

The factual posture of the case at the time the jury was instructed raised one simple issue, "Did the defendant know there was marihuana in the packages?" The appellant admitted he handed two packages to the police officer, Hampton, and when asked on cross examination, "What did you think you were doing with those packages," he answered, "I knew whatever it was it was an illegal action, but I did not know the contents . . . I suspected them of being wrist watches." "You mean hot goods." Answer: "Yes Sir, hot goods."

There was evidence by the government that the officer spoke with appellant and told him he wanted to buy marihuana; that appellant stated the price; that subsequently at their meeting the police officer Hampton, asked, "Do you have the stuff?" And appellant said "Yes," and produced the package which contained two kilos. There was further testimony to the effect that appellant stated he could supply "acid, grass, hashech [sic]."

On the subsequent occasion involving the second count, appellant came with a paper bag and when asked whether he "had the stuff" produced the two bricks of marihuana. Officer Hampton examined one brick, remarking "it looks better than the last stuff, it was not as dry." Appellant agreed. The officer handed him money which appellant placed in his pocket. The officer testified that he then asked if he could obtain hashish. Appellant said he could not personally obtain it but would be able to in the future "when his man from Los Angeles comes up with his supply."

Thus there was no argument that appellant had possession of the packages on both occasions. There was testimony if believed, that he clearly knew it was marihuana. He testified that he thought it was hot goods, wrist watches, but did not know what was in the packages.

Clearly the court used the wrong instructions. The portion marked A was suitable in certain instances in a prosecution under 26 U.S.C. § 4744 but not suitable to a prosecution under 26 U.S.C. § 4742(a). The portion marked B was suitable in a case charging a defendant with being a *transferee* under 26 U.S.C. § 4744, but not in a case charging defendant with being a *transferor* under 26 U.S.C. § 4742(a).

## ALLEGED FAILURE OF PROOF ON COUNT 2

There was proof as to Count 1 from officer Hampton of the transaction on January 24, 1967, in which he testified concerning the two packages, that neither he nor anyone else produced any written document concerning marihuana handed to him by the appellant, and that he did not have any order forms on his person for the purchase of marihuana. It is conceded no such testimony was adduced as to the transaction with the defendant on February 7, 1967, which was the basis of Count 2.

■ In a prosecution under 26 U.S.C. § 4742, there is no burden on the government to prove a demand on the defendant for the order forms. Hill v. United States, 261 F.2d 483, 487 (9 Cir. 1958).

§ 7491 U.S.C. Title 26 (1964), provides in part,

" . . . In the absence of the production of evidence by the defendant that he has complied . . . with the provisions of section 4742 relating to order forms, he shall be presumed not to have complied with such provisions of such section."

Smith v. United States, 106 U.S.App.D.C. 26, 269 F.2d 217, 219–220 (1959), cert. denied 361 U.S. 865, 80 S.Ct. 130, 4 L. Ed.2d 108 (1959). Cf. Johnson v. United States, 270 F.2d 721, 725 (9 Cir. 1959), cert. denied 362 U.S. 937, 80 S.Ct. 759, 4 L.Ed.2d 751 (1960). There is no merit to the contention of alleged failure of proof as to Count 2.

## WAS THERE PLAIN ERROR?

■ The posture of the case at the time the case went to the jury, was clearly shown in the instructions in "C" above, namely that there was no dispute that appellant had physical *possession* of the packages, or that he had transferred them to the officer. The question to be decided was—*did the appellant know that these packages contained marihuana?*

The erroneous instructions centered on the question of possession of the marihuana and the inferences that the jury might draw therefrom.

The instructions told the jury two things:

(1) They were told in "A" that if they found appellant had *possession* of the marihuana, this was presumptive evidence of guilt. But under the narrow question clearly submitted to the jury, the jury was to find whether or not the appellant *knew* the package contained marihuana and whether he was in possession of the marihuana. Thus, if they so found, the case was at an end and the instruction referring to presumptive evidence of guilt, if they found possession, meant nothing.

(2) The jury was told in "B" that if they found appellant had possession of the marihuana, then they might draw certain inferences concerning the order forms. This instruction meant nothing, since the government had no burden to offer proof as to the order forms, and again if they found the appellant *knew* the packages contained marihuana, then the court had told them their verdict should be guilty. Thus this instruction meant nothing.

One simple issue was presented for decision—did the appellant know marihuana was in the packages which he admitted he possessed? Viewed in a light most favorable to the government the evidence as to appellant's guilt was overwhelming. There was ample evidence for the jury to disbelieve appellant and believe the arresting officers. This coupled with appellant's admission that he knew or believed that there was something illegal in the package, made his conviction by the jury more than likely.

Since the instructions were not objected to, they obviously "did not attract the attention of the alert and capable counsel" representing the appellant and likewise probably not the jury. United States v. Kahaner, 317 F.2d 459, 479 (2 Cir. 1963), cert. denied sub. nom. Corallo v. United States, 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65.

Since appellant admitted possessing the packages he likewise possessed the marihuana in the packages if he knew it was marihuana. Knowledge was the sole issue. Since possession was not an issue in the case; and since the guilt of the appellant was clearly established, we cannot say that the giving of the instructions was plain error within Rule 52(b), F.R.Crim.P.

The judgment of conviction is affirmed.