UNITED STATES of America,
Appellee,

v.

Roger D. WEBER, Appellant.

No. 25107.

United States Court of Appeals,
Ninth Circuit.

July 9, 1970.

Rehearing Denied Aug. 14, 1970.

Roger Dean Weber, pro. per.

Richard K. Burke, U. S. Atty., Stanley L. Patchell, Ass't. U. S. Atty., Tucson, Ariz., for appellee.

Before CHAMBERS, CARTER and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant, on September 27, 1968, was arrested, in his automobile, at a border inspection station as he attempted to enter the United States from Mexico with approximately 40 pounds of marihuana in his possession. He was indicted on

two counts: (I) a violation of 21 U.S.C. § 176a (smuggling) and (II) a violation of 26 U.S.C. § 4744(a) (the marihuana stamp tax). Plea bargaining resulted in the government's dropping the § 176a charge in exchange for Weber's plea of guilty to the tax violation.* On October 28, 1968, Weber's guilty plea was accepted and Count I dismissed. On June 26, 1969, appellant filed a 28 U.S.C. § 2255 motion to vacate the sentence. His motion was denied October 8, 1969, the trial judge specifically finding that the motion and the files and records of the case conclusively demonstrated that appellant was entitled to no relief.

The issues presented are (1) whether Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) stands for the proposition that 26 U.S.C. § 4744(a) is unconstitutional and, if so, should that decision be applied retroactively, and (2) does appellant's guilty plea, after a successful plea bargaining and dismissal of the § 176a count, constitute a waiver of his Fifth Amendment defense to the § 4744(a) charge.

■ (1) In United States v. Scott, 425 F.2d 55 (9th Cir. March 6, 1970), we held that Leary does not rule § 4744(a) unconstitutional on its face, but that a timely invocation of the Fifth Amendment, absent a waiver, is a defense to a charge of violating § 4744(a). A panel of this court has held that the Leary decision's affect on § 4744(a) is retroactive under certain circumstances. United States v. Ingman, 426 F.2d 973 (9th Cir., May 13, 1970).

(2) Both Leary and Scott hold that the Fifth Amendment, if asserted, is a complete defense, unless that defense had been waived. Generally, a Fifth Amendment defense is waived by a plea of guilty. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Boykin v. Alabama, 395 U.S. 238, 242–244, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969). However, another panel of this court has said that in a situation where new law is developed after the plea, which *could not have been anticipated* at the time of the plea, that there could be no intelligent waiver of the new law and that it would be available to the defendant despite the guilty plea. Meadows v. United States, 420 F.2d 795 (9th Cir., 1969). In *Meadows,* the panel concerned itself with the firearms registration law to which the Fifth Amendment has been ruled a complete defense in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968),[1] and there held that Meadows was entitled to the retroactive effect of *Haynes* for the reason that he could not have anticipated that decision at the time of his guilty plea.

Additionally, in United States v. Ingman, *supra,* this court held that there was no waiver of the Fifth Amendment defense to § 4744(a) in a case where the defendant failed to assert such a defense at his trial, even though the trial was held *subsequent* to the decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the trilogy which foreshadowed the *Leary* decision on § 4744(a).

Aside from the fact that Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (May 4, 1970), Parker v. North Carolina, 397 U.S. 799, 90 S.Ct. 1474, 25 L.Ed.2d 793 (May 4, 1970) and McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970), cast considerable doubt on the continued validity of the

---

* He was represented by an attorney.

1. The reasoning of the Supreme Court in *Haynes,* in its treatment of the firearms registration law, is similar to that employed by this court in United States v.

Scott concerning § 4744(a). Each found that the statute concerned was not unconstitutional on its face, but that the Fifth Amendment, if asserted, afforded a complete defense to prosecution.

*Meadows* and *Ingman* decisions, we believe that the latter cases are distinguishable and should not be controlling in the factual atmosphere of this case.

In *Meadows,* a guilty plea was entered January 20, 1966, over two years before the decisions in the *Marchetti* group. Those decisions were not available to Leary at the time of his trial, nor were they available to Meadows at the time of the entry of his plea of guilty. Inasmuch as neither Meadows nor Leary had the advantage of those cases, it requires no stretch of the imagination to hold that neither should have anticipated the *Leary* decision. But Weber's guilty plea was entered on October 28, 1968, some eight months after *Marchetti, Grosso* and *Haynes* were decided. Thus, his case is readily distinguishable from *Meadows* in that he had ample reason to foresee the *Leary* decision.

In *Ingman,* the court found no waiver despite the fact that the *Marchetti* trilogy had been decided prior to Ingman's trial. However, that case involved the failure to raise the Fifth Amendment defense *at trial,* rather than a plea of guilty as is present here. In *Ingman,* the court reasoned that since the defendant had gone to court in order to avoid conviction, "The only imaginable explanation for Ingman's failure to raise the defense, either at trial or on appeal, is that he believed it was not available to him, or was ignorant of it." *Ingman, supra,* p. 975. There would be no strategic or other basis, aside from ignorance, for a defendant's failure to raise a complete defense at trial. Thus, in *Ingman* the presumed waiver by silence yielded to the more logical presumption that the defendant in fact did not know of the existence of the defense.

Here, however, there exists a strong inference that the defense was not raised for reasons other than ignorance of its existence. The record shows that Weber entered his guilty plea to the § 4744(a) charge pursuant to a plea bargaining agreement which called for the dismissal of a charge of smuggling marihuana in violation of 21 U.S.C. § 176a. The latter carries a penalty of from 5 to 20 years, without the possibility of either a suspended sentence or probation, whereas the former carries the lesser penalty of from 2 to 10 years and probation is possible. Thus, we cannot conclude that ignorance was the only possible explanation for Weber's failure to assert his Fifth Amendment defense to the § 4744 (a) charge as was done in *Ingman.*[2]

Appellant's case can be further distinguished from *Ingman* on the basis that he entered a plea of guilty, whereas Ingman contested his guilt at trial. A plea of guilty is regarded as an *affirmative* waiver of the Fifth Amendment's protection, as distinguished from the *passive* waiver arising from mere silence at trial. Both *Leary* and *Scott* take notice of this distinction. This is not a distinction without a difference, for where a defendant goes to trial in order to establish his innocence his failure to raise a *complete defense* militates against a presumption that he knew the defense was available, whereas when a defendant pleads guilty subsequent to plea bargaining, under which the most offensive count is dismissed, his failure to assert the same defense does not lead to the conclusion that he was unaware of its availability. He may well be aware of his rights, having waived them in order to avoid prosecution on the more serious of the two counts.

In these circumstances, we hold that appellant, by his plea of guilty, waived

**2.** The record indicates that appellant may well have had powerful motivation to avoid prosecution under § 176a since he was apprehended while crossing the border into the United States with 40 pounds of marihuana in his possession. Under these circumstances, the government would have had no need to rely upon the § 176a presumption invalidated in *Leary.* Appellant was sentenced, on October 26, 1968, as a youth offender pursuant to the enlightened provisions of the Youth Corrections Act, 18 U.S.C. § 5010(b). The provisions of this Act regarding suspension of sentence and probation are not available to one convicted under 21 U.S.C. § 176a.

his right to a trial before a jury or a judge. His act of entering the plea of guilty was knowingly and intelligently done with sufficient awareness of the relevant circumstances and all of the likely consequences. On this record, we are required to apply Justice White's views so ably expressed in *Brady* that "* * * a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."

Affirmed.