Jose Manuel **QUIJADA GAXIOLA,**
Appellee,

v.

**UNITED STATES of America, Appellant.**

No. 25774.

United States Court of Appeals,
Ninth Circuit.

Nov. 27, 1970.

Richard Burke, U. S. Atty., Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., for appellant.

Jose Manuel Quijada Gaxiola, in pro. per.

Before HAMLEY, ELY and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

In this proceeding under 28 U.S.C. § 2255, Jose Manuel Quijada Gaxiola wants the court to set aside his conviction, under 26 U.S.C. § 4744(a), for failure to pay the marihuana transferee taxes provided for in 26 U.S.C. §§ 4741 and 4771. The district court granted the application and the United States appeals.

On September 27, 1967, appellee was indicted at Phoenix, Arizona, in Cause No. C–17829 Phx., for importation of heroin in violation of 21 U.S.C. § 174, and importation of marihuana in violation of 21 U.S.C. § 176a. On April 1, 1968, after he waived indictment, appellee was informed against at Phoenix, in Cause No. C–18013 Phx., for failing to pay the marihuana transferee tax imposed by 26 U.S.C. §§ 4741 and 4771, in violation of 26 U.S.C. § 4744(a).

Plea bargaining then took place with regard to all three charges. As a result, appellee pleaded guilty on April 1, 1968, to the section 4744(a) charge filed in Cause No. C–18013 Phx. On April 22, 1968, based upon this plea, the district court adjudged appellee guilty and sentenced him to an eight-year term of imprisonment, pursuant to 18 U.S.C. § 4208 (a) (2), the sentence to run concurrently with a state sentence he was then serving in California. The court then dismissed the indictment in Cause No. C–17829 Phx. containing the heroin and marihuana counts.

In his section 2255 application, appellee advanced three reasons why the conviction on the section 4744(a) count should be vacated: (1) he is entitled to the benefit of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), in which it was held that a timely and proper assertion of the privilege against self-incrimination provides a complete defense to a prosecution under section 4744(a); (2) he did not plead guilty with an understanding of the consequences of the plea; and (3) he did not have adequate representation by counsel at the time he entered the plea of guilty.

The district court granted the section 2255 application on the first of these grounds and did not pass on the other two. The court held, on the authority of Meadows v. United States, 420 F.2d 795 (9th Cir. 1969), that appellee's failure to invoke his privilege against self-incrimination when he pleaded guilty on April 1, 1968, did not constitute a waiver of the privilege inasmuch as the Leary decision was not announced until May 19, 1969.

The Meadows case involved the firearms registration law, 26 U.S.C. §§ 5841 and 5851. As to that law the Supreme Court had ruled, in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923 (1968), that the Fifth Amendment privilege against self-incrimination, if claimed, is a complete defense. In Meadows, we held that Haynes is to be applied retroactively. We also held that, while Meadows failed to claim the privilege against self-incrimination, this did not constitute a waiver of the privilege because Haynes had not been decided when Meadows pleaded guilty.

The case now before us involves not the firearms registration act but 26 U.S.C. § 4744(a), failure to pay the marihuana transferee tax. It was not until May 19, 1969, in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, that the Supreme Court held that a timely and proper assertion of the privilege against self-incrimination provides a complete defense to a prosecution under section 4744(a). Appellee in the case before us pleaded guilty of a violation of that statute on April 1, 1968, which was more than thirteen months prior to Leary. The district court in the case before us thus reasoned that, as in Meadows, a failure to claim the privilege did not constitute a waiver of the privilege because the availability of the privilege was not then known.

However, in United States v. Weber, 429 F.2d 148 (9th Cir. 1970), decided three months after entry of the district court order herein, this court held that since Weber pleaded guilty to a section 4744(a) charge after Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L. Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722 (1968), this constituted a waiver of the privilege even though his plea was entered prior to Leary. The court stated that the rationale of Leary was based upon the Marchetti-Grosso-Haynes rationale, and

therefore Weber "had ample reason to foresee the *Leary* decision."

The circumstance which led the *Weber* court to distinguish *Meadows,* and affirm denial of a section 2255 application, is also present in the case now before us. Appellee pleaded guilty before *Leary,* but after *Haynes.* It is true that, in *Weber,* the *Haynes* decision was nine months old when Weber pleaded guilty while here the span was only two months. We think, however, that a two-month interval is enough to warrant the assumption that appellee or his counsel, if reasonably competent, was then aware of the *Haynes* decision. In this case, as in *Weber,* there was also plea bargaining, as a result of which very serious heroin and marihuana charges against appellee were dismissed.*

We conclude on the authority of *Weber,* which has recently been followed in Cochran v. United States, 432 F.2d 1356 (9th Cir. 1970), and Lineker v. United States, 432 F.2d 1358 (9th Cir. 1970), each of which involved a section 4744(a) prosecution, that appellee's plea of guilty constituted a waiver of the privilege against self-incrimination.

As stated above, the district court did not pass upon appellee's two additional grounds for section 2255 relief. We therefore reverse the order granting such relief on the self-incrimination ground, and remand the cause to the district court for consideration of the additional grounds not yet considered.

---

\* The element of plea bargaining distinguishes this case from United States v. Ingman, 426 F.2d 973 (9th Cir. 1970), where the defendant failed to raise a Fifth Amendment defense at trial to a charge of violating 26 U.S.C. § 4744(a). (1). The trial followed the decisions in the *Marchetti* trilogy but, as the court noted in *Weber, supra,* the absence of plea bargaining in *Ingman* negates the possibility of a strategic decision not to raise this complete defense to the charge, and no waiver of the defendant's constitutional privilege would be presumed.

ELY, Circuit Judge (concurring):

Under the compulsion of United States v. Weber, 429 F.2d 148 (9th Cir. 1970), and its progeny, I concur in the majority opinion. I cannot do so, however, without recording my disagreement with the reasoning of the *Weber* court. It held, as my Brother Hamley points out, that since Weber's plea occurred after the Supreme Court's *Marchetti, Grosso,* and *Haynes* decisions in 1968, Weber "had ample reason to foresee the *Leary* decision" which followed on May 19, 1969. In so holding, the *Weber* court apparently endowed Weber with a degree of legal expertise and prophetic wisdom not possessed by many of our Nation's ablest jurists, including some of the members of our own court. In Daniels v. United States, 402 F.2d 30 (9th Cir. 1968), we upheld a conviction under 26 U.S.C. § 4744(a). We issued that decision *after* the *Grosso, Marchetti,* and *Haynes* decisions and *before* it was declared, in *Leary,* that the statute was unconstitutional. Obviously we did not then anticipate the *Leary* decision on the point in question, and neither, apparently, did some of the distinguished judges of the Fifth Circuit. *See, e. g.,* Thompson v. United States, 403 F.2d 209 (5th Cir. 1968). I would most certainly not presume to say that I would have been able to predict, upon the basis of *Grosso-Marchetti-Haynes,* that the Supreme Court would soon thereafter declare that 26 U.S.C. § 4744(a) is constitutionally invalid.[1] And while better lawyers than I

---

1. While we strive mightily for correct interpretations, the law is not an exact science. During the past six years, the Supreme Court has found it necessary to overturn three mistaken opinions for which I, as the author, was principally responsible. *See* Craycroft v. Ferrall, 397 U.S. 335, 90 S.Ct. 1152, 25 L.Ed.2d 351 (1970), rev'g 408 F.2d 587 (9th Cir. 1969); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), rev'g D.C., 297 F.Supp. 300 (D.Alaska 1969); Parks v. Simpson Timber Co., 388 U.S. 459, 87 S.Ct. 2115, 18 L.Ed.2d 1319 (1967), rev'g 369 F.2d 324 (9th Cir. 1966).

am might have been able positively to "foresee" that event, I can hardly believe that Weber, who I assume had no legal training whatsoever, was expected, and also legally required, to have done so.