**Frank W. BRUNEL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 70–2289.**

United States District Court, C. D. California.

Dec. 2, 1970.

---

20. United States v. West Willow Apartments, 245 F.Supp. 755 (E.D.Mich.1965).

**1258**

Frank W. Brunel, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Elgin C. Edwards, Asst. U. S. Attys. (Chief, Crim. Div.), Los Angeles, Cal., for respondent.

ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255

IRVING HILL, District Judge.

The within proceeding was filed by an incarcerated federal prisoner in pro per. The Petition is denominated "PETITION FOR WRIT OF HABEAS CORPUS." By Order filed October 12, 1970, the Court treats the Petition as a motion under 28 U.S.C. § 2255, and ordered a Response from the United States Attorney. Said Response was received and filed November 3, 1970. The Court has considered the motion and the documents filed in support thereof, as well as the said Response. The Court has obtained a transcript of the proceedings at which the Petitioner pled guilty and was sentenced. Said transcript is ordered filed herewith.

The question presented is solely one of law. It clearly appears that Petitioner is entitled to no relief. No hearing is necessary or appropriate.

The facts may be briefly stated. On February 15, 1967, a seven-count indictment against Petitioner was returned charging him with marihuana offenses under 21 U.S.C. § 176(a) and 26 U.S.C. § 4742(a), including sale to an undercover assistant of the Federal Bureau of Narcotics. Petitioner was represented thereafter by Barry Tarlow, Esq., an experienced and amply-qualified criminal law attorney, who was also a former Assistant United States Attorney.

On March 8, 1967, when the case was called, counsel jointly informed the Court that a superseding information was about to be filed to which Defendant intended to plead guilty and that if such plea was accepted, a trial of the aforesaid seven-count indictment would be unnecessary. Pursuant to a waiver of proceeding by indictment, a one-count superseding information was thereupon filed to which the number 357–CD was given. It contained a single tax count, a charge of violating 26 U.S.C. § 4744(a). A guilty plea was immediately entered which was accepted by the Court after an extensive colloquy in which Petitioner admitted the act charged against him. Tr. pp. 11–12. At his sentencing Petitioner again admitted that he had violated the law. Tr. p. 25.

Petitioner seeks release on the authority of the holding of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), particularly the portion of the Leary opinion dealing with the tax offense specified in § 4744(a).

The plea of guilty was entered in this case about ten months before January 29, 1968, the date on which the United States Supreme Court decided Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). The trilogy

of cases established the doctrine of the privilege against self-incrimination as a defense in this type of statute. The doctrine was extended to § 4744(a) in *Leary*. The *Leary* holding as to § 4744(a), precisely stated, is not that the section is unconstitutional on its face, but that it is unconstitutionally applied as against assertion of the privilege against self-incrimination, which privilege, if asserted, constitutes a total defense. *Leary* implies that if and when the privilege is waived, the statute may be constitutionally enforced. Our Circuit has so held in United States v. Weber, 429 F.2d 148 (9th Cir. 1970).

The court is aware of the line of cases which holds that one may not be said to have waived the assertion of a legal position which had theretofore been uniformly decided contrary to the position in a long series of appellate decisions. See, e. g., Meadows v. United States, 420 F.2d 795, 797 (9th Cir. 1969); United States v. Scott, 425 F.2d 55, 57–58 (9th Cir. 1970); United States v. Ingman, 426 F.2d 973, 975 (9th Cir. 1970).

That rationale might, in the instant case, require the granting of the present motion. When he pled guilty in 1967, this Petitioner could not reasonably have anticipated the *Marchetti* holdings and their later extension in *Leary* to § 4744(a).

However, the Court declines to apply the said rationale to the instant case because of another trilogy of recent decisions in the U.S. Supreme Court upholding plea bargains and indicating that pleas voluntarily entered as a result of such bargains are deemed to involve a waiver of all defenses. These cases are Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); and

Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 763 (1970).

There is no doubt but that the instant tax count was the result of the very type of plea bargain which the Supreme Court deals with in the above-cited cases. The bargain was carried out. The multi-count indictment charging much more serious offenses was dismissed. This Petitioner makes no claim that his counsel was not adequate, and for the reasons stated above, no such claim would be rationally tenable in terms of counsel's background or experience.

The strong policy interest in upholding the finality and conclusiveness of a plea bargain where the plea was intelligently and voluntarily made upon the advice of competent counsel must govern the instant case. There is no essential unfairness in saying, on these facts, that this Petitioner waived any and all defenses he might have to the superseding charge, including the possible assertion of a privilege against self-incrimination. The admission by Petitioner of the facts of the charge as reflected in the transcript may be said to buttress the view that the privilege was waived.

So far as the Court can determine, this is a case of first impression. United States v. Weber, *supra,* dealt with a plea made after the date of the announcing of the *Marchetti, Grosso,* and *Haynes* decisions. It is hoped that in this or some other case the precise point raised here will be decided by an appellate court.

It is therefore ordered as follows:

1. The instant motion is dismissed.

2. The Clerk shall serve copies of this Order, by United States mail, this date on the Petitioner and the United States Attorney.