Gil Munzo LEANO, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 25520.

United States Court of Appeals,
Ninth Circuit.

Feb. 29, 1972.

Rehearing Denied April 4, 1972.

Gil M. Leano, in pro. per.

William D. Keller, U. S. Atty., David R. Nissen, Chief, Crim. Div., Tom G. Kontos, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

Before ELY and KILKENNY, Circuit Judges, and LINDBERG, District Judge.*

LINDBERG, District Judge.

This is an appeal from the district court's denial without a hearing of appellant's motion to set aside a judgment and sentence under 28 U.S.C. § 2255.

On October 18, 1967, a seven count indictment was returned against Leano, charging him with various heroin, marihuana and related tax violations. With representation by counsel, he pleaded guilty to two counts of selling marihuana in violation of 21 U.S.C. 176a, and, pursuant to a plea bargaining agreement, the remaining five counts were dismissed by the Government. There was no direct appeal from that conviction.

Petitioner-appellant's briefs in support thereof present three material contentions: (1) his defense counsel was inadequate; (2) there was an abuse of discretion when he was not allowed to withdraw his guilty plea prior to imposition of sentence; and (3) his guilty plea was involuntary, in that it was induced by a presumption of knowledge of importation under the counts charging violation of 21 U.S.C. 176a.[1]

With respect to the first contention, a conviction may not be set aside on grounds of ineffective representation of counsel unless service of counsel was of such a caliber as to amount to a farce or mockery of justice. Grove v. Wilson, 368 F.2d 414 (9th Cir., 1966). To demonstrate inadequacy of counsel, a petitioner must show that he had counsel who was not reasonably likely to render and did not render reasonably effective assistance. Brubaker v. Dickson, 310 F.2d 30 (9th Cir., 1962). The record clearly establishes that appellant's counsel was responsible for having five serious charges dropped from appellant's indictment and that he was an active participant in appellant's behalf at the time of arraignment and sentencing; also that counsel had adequate familiarity with the facts of Leano's case throughout the proceedings. We find after a review of the record that the allegations in his petition do not raise substantial questions as to counsel's competence or loyalty.

With respect to Leano's second contention, namely that he should have been allowed to withdraw his guilty plea, the trial court has wide discretion in passing on such a request, particularly so where a petitioner does not allege innocence of the offense charged. Zaffarano v. United States, 330 F.2d 114 (9th Cir.), cert. denied, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964). We have reviewed the record and find no abuse of discretion by the trial court.

Appellant's third claim is that he was coerced to plead guilty to the marihuana counts because he feared he could not overcome the statutory pre-

---

* The Honorable William J. Lindberg, United States District Judge, Western District of Washington, sitting by designation.

1. The petitioner also alleges that a prior invalid conviction was used as a basis for his sentence. This contention is without merit. The district court has indicated that it had not used a prior conviction in its determination of sentence.

sumption that he knew the marihuana was illegally imported.

The statutory presumption referred to in appellant's third claim, referred to above, is embodied in the language of the second paragraph of 21 U.S.C. 176a which reads as follows:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

This presumption, subsequent to the conviction of Leano, was ruled unconstitutional in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and this circuit later held *Leary* to be retroactive in United States v. Scott, 425 F.2d 55 (9th Cir. 1970).

It is apparent from a reading of the Supreme Court opinion in *Leary*,[2] that only the presumption contained in the second paragraph of subsection 176a was declared invalid. Obviously this presumption would not come into play unless a defendant charged under the subsection goes to trial. It should be

---

**2.** "Insofar as here relevant, § 176a imposes criminal punishment upon every person who:

'knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law  .   .   ., or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law .  .  .'

A subsequent paragraph establishes the presumption now under scrutiny:

'Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.'

The second count of the indictment charged petitioner with having violated the 'transportation' and 'concealment' provisions of § 176a. Petitioner admitted at trial that he had acquired marihuana in New York; had driven with it to Laredo, Texas; had continued across the bridge to the Mexican customs station; and then had returned to the United States. He further testified that he did not know where the marihuana he acquired had been grown.

In view of this testimony, the trial court instructed the jury that it might find petitioner guilty of violating § 176a on either of two alternative theories. Under the first or 'South-North' theory, a conviction could have been based solely upon petitioner's own testimony that the marihuana had been brought back from Mexico into the United States and that with knowledge of that fact petitioner

had continued to transport it. Under the second or 'North-South' theory, the conviction would have depended partly upon petitioner's testimony that he had transported the marihuana from New York to Texas and partly upon the challenged presumption.

The Government contends that by giving testimony at trial which established all elements of the offense under the 'South-North' theory, and by failing to object to the jury instructions on the ground now advanced, petitioner foreclosed himself from raising the point thereafter. We cannot agree. Even assuming that petitioner's testimony did supply all the evidence required for a valid conviction under the 'South-North' theory, the jury nevertheless was told that it could alternatively convict with the aid of the presumption under the 'North-South' theory. For all we know, the conviction did rest on that ground. It has long been settled that when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside. See, e. g., Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931).

It is true that petitioner did not object to the jury instructions on the basis of the presumption's alleged unconstitutionality. However, he did rely upon that ground in his previous motion for a directed verdict at the close of the prosecution's case and urged it again in his subsequent motion for a new trial. Both motions were denied. The Court of Appeals considered petitioner's constitutional argument on the merits, and rejected it. See 383 F.2d [851,] at 868–870. In these circumstances, we conclude that the question is properly before us." Leary v. United States, 395 U.S. 6, 30–32, 89 S.Ct. 1532, 1545–1546.

noted also that the Court in *Leary* did not reverse outright the judgment of convictions under 21 U.S.C. 176a as it did with respect to the tax account, 26 U.S.C. 4744(a) (2) but vacated the conviction and remanded the case for further proceedings in accord with the Court's opinion.[3]

*Leary* can have no application to a situation such as existed under the Leano indictment.[4] In *Leary* the defendant was charged in only three counts all related to the same marihuana transaction. Count I charged smuggling of marihuana in violation of 21 U.S.C. 176a and was dismissed by the trial court.[5] Count II charged knowingly transporting and facilitating the transportation and concealment of the same marihuana which had been illegally imported in violation of § 176a; Count III charged violation of the Marihuana Tax Act, 26 U.S.C. 4744(a) (2) and related sections. Here, however, Leano was charged not only with the marihuana counts similar to Counts II and III as charged in *Leary* but also with an additional marihuana count and four heroin counts including two heroin tax counts containing a presumption similar to that tax count in *Leary* which presumption has been held valid with respect to heroin.[6]

His own sworn statement [7] not only indicates his guilt as to the marihuana

3. Leary v. United States, *supra*, 395 U.S. p. 53, 89 S.Ct. 1532.

4. We are not concerned with the problem confronting the Ninth Circuit in United States v. Weber, 429 F.2d 148; Castro v. United States, 436 F.2d 975; Cochran v. United States, 432 F.2d 1356; Lineker v. United States, 432 F.2d 1358. In those cases the defendants were charged with violations of the Marihuana Tax Act, 26 U.S.C. § 4744 (a) and with violations of 21 U.S.C. 176a for smuggling, concealing or transporting marihuana. After plea bargaining commenced the petitioners entered pleas of guilty to the tax counts, § 4744 (a). Subsequent to these convictions the Supreme Court decided Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). Weber and other petitioners filed motions under 28 U.S.C. § 2255 contending that *Leary* should be applied retroactively to invalidate their convictions. Relying on the *Leary* self-incrimination holding, petitioners alleged that failure to invoke the privilege when they pleaded guilty did not constitute waiver of the privilege inasmuch as the *Leary* decision had not been announced at the time of the plea.

The Ninth Circuit rejected this argument and upheld the guilty pleas, finding that the pleas were a waiver of the right to a trial before a jury or a judge. The Supreme Court vacated and remanded *Weber* and its progeny in light of *Leary* and United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). Weber v. United States, 402 U.S. 939, 91 S.Ct. 1633, 29 L.Ed.2d 107 (1971); Cochran v. United States, 402 U.S. 939, 91 S.Ct. 1634, 29 L.Ed.2d 107 (1971); and Cas-

tro v. United States, 403 U.S. 903, 91 S.Ct. 2215, 29 L.Ed.2d 678 (1971). *United States Coin & Currency* dealt with the self-incrimination problem inherent in a gambling forfeiture statute which required registration and payment of a gambling tax. The Court found that the Fifth Amendment privilege against self-incrimination may properly be invoked since the forfeiture statutes, when viewed in their entirety, are intended to penalize only persons significantly involved in criminal enterprise.

Leano did not rely on the self-incrimination aspect of the *Leary* decision to support his § 2255 motion. The application of *Leary* to his situation falls with the presumption issue in *Leary*. Leano was convicted under 26 U.S.C. 176a. *Leary* did not rule the statute unconstitutional. Only the inference of knowledge of illegal importation was ruled invalid. Leary went to trial and the inference was presumably utilized by the jury in reaching its verdict. Leano did not have the inference utilized. There was no complete defense to 176a as there was to 26 U.S.C. 4744(a). The application of *Leary* to this situation rests on entirely different grounds than those espoused in the *Weber* series of cases.

5. Leary v. United States, supra, 395 U.S. p. 11, 89 S.Ct. 1532, footnote 4.

6. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

7. Leano in the opening paragraphs of his Affidavit in support of his motion states as follows:

"1) I did not know where the marijuana that I was convicted of selling originated.

counts but establishes that he plead guilty to avoid the probability, certainly the possibility, of a conviction on the heroin counts with a far more severe penalty had he gone to trial. Having, with the assistance of counsel entered into plea bargaining, accepted the "irresistible" deal (to use his own language) he then deemed to his advantage he is not now in a position after the heroin counts have been dismissed to seriously contend his change of plea was in any way involuntary.

We are satisfied that the record in this case demonstrates that appellant's plea of guilty must have been made voluntarily and that no hearing on his motion by the district court was required.

The Fifth Circuit has dealt with § 2255 motions which contained facts and allegations substantially the same as those here involved. The petitioners plead guilty to a § 176a count and on § 2255 motions asked that the guilty pleas be set aside because of coercion resulting from the alleged unconstitutional inference. The Court noted that he had plead guilty and not gone to trial, that the unconstitutional inference was not used against him and that *Leary* was inapplicable. The petitioners were advised by competent counsel through the guilty plea negotiations and as a result voluntary and intelligent pleas were entered and became admissions of all facts alleged in a § 176a count and a waiver of all non-jurisdictional defects. Morales-Guarjardo v. United States, 440 F.2d 775 (5th Cir., 1971); Hillaire v. United States, 438 F.2d 128 (5th Cir., 1971); Mejia v. United States, 430 F.2d 1273 (5th Cir., 1970).

■ Finally, we believe the test or standard for determining whether a plea of guilty in a particular situation was voluntary is whether it was a knowing intelligent act under the existing circumstances at the time. This standard adopted in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, where a coerced confession was alleged to have been the motivating factor in the entry of a guilty plea. The following excerpts from the Court's opinion with respect to the voluntariness of a guilty plea we believe applicable here:

" . . . . His later petition for collateral relief asserting that a coerced confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable." McMann v. Richardson, supra, p. 769, 90 S.Ct. p. 1448.

" . . . . Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases . . . ." McMann v. Richardson, supra, pp. 770–771, 90 S.Ct. pp. 1448–1449.

The Supreme Court in *McMann* distinguished a conviction after a trial and a guilty plea.

(2) I told my attorney that contrary to what the indictment alleged I did not know where the marijuana came from, and was told that this fact did not make any difference to the defense since I could not prove such fact. This shift of the burden of proof coerced and encouraged my plea of guilty.

3) The plea deal offered me by the Government was so irresistible that it deprived me of any meaningful choice to do anything but plead guilty. Said bargaining choice also chilled exercise of my right to a jury trial and to plead not guilty."

" . . . . A conviction after trial in which a coerced confession is introduced rests in part on the coerced confession, a constitutionally unacceptable basis for conviction . . . . The defendant who pleads guilty is in a different posture. He is convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence. Whether or not the advice the defendant received in the pre-*Jackson* [Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908] era would have been different had *Jackson* then been the law has no bearing on the accuracy of the defendant's admission that he committed the crime." McMann v. Richardson, supra, p. 773, 90 S.Ct. p. 1450.

We find no merit in appellant's contentions. The district court's denial of appellant's motion is affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. The majority's opinion is reasoned with careful intricacy, but I find myself unable to follow, to the end, the maze through which my Brothers wind to their conclusion. As I see it, the straight path has been marked by Weber v. United States, 402 U.S. 939, 91 S.Ct. 1633, 29 L.Ed.2d 107 (1971), vacating and remanding 429 F.2d 148 (9th Cir. 1970), and Castro v. United States, 403 U.S. 903, 91 S.Ct. 2215, 29 L.Ed.2d 678, vacating and remanding 436 F.2d 975 (9th Cir. 1971). See also Quijada Gaxiola v. United States, 435 F.2d 264, 266 (9th Cir. 1970) (concurring opinion). Following that path, I would vacate the conviction and remand the cause to the District Court for its reconsideration in the light of the new guidelines that I have specified and which have so recently been set.