**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael F. ALVAREZ, Defendant-
Appellant.**

**No. 71–1586.**

United States Court of Appeals,
Ninth Circuit.

June 5, 1972.

Morton L. Shatzkin (argued) Studio City, Cal., for appellant.

John M. Newman, Jr., Asst. U. S. Atty. (argued), David R. Nissen, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Alvarez appeals from his conviction for violating 26 U.S.C. § 4742(a) (trans-fer of marihuana without an order form).[1] We reverse because the evidence was insufficient to prove that he made any transfer or that he aided and abetted anyone who did so.

Alvarez was named in two counts of a four-count indictment against him and his codefendants Sinquimani and de Larosa. The first count charged Alvarez and his codefendants with conspiracy to transfer marihuana without obtaining an appropriate order form from the transferee. The fourth count charged Alvarez and his codefendants with a violation of section 4742(a). Counts two and three charged Sinquimani alone with receiving, concealing, and selling illegally imported marihuana. Sinquimani did not appear for trial, and a bench warrant issued for him. Codefendant de Larosa was acquitted at the conclusion of the Government's case. Alvarez' motion for acquittal was denied. He was found not guilty on the first count and guilty on the fourth.

On October 2, 1970, Special Agent Henry of the Federal Bureau of Narcotics and Dangerous Drugs met Sinquimani and discussed arrangements by which Agent Henry would buy marihuana from Sinquimani. Henry and Sinquimani went to Alvarez' garment cutting shop. Sinquimani showed Henry bricks of marihuana in a cardboard box under a work table in the rear of the shop. Henry returned to the shop later that afternoon at which time he saw Alvarez and de Larosa drive to an alleyway beside the shop and park Alvarez' truck. The truck was thereafter loaded with cardboard boxes. Although the evidence was conflicting, there was testimony that Alvarez helped to load the boxes. At one time during the period in which the truck was parked at the shop, Henry and Sinquimani had a conversation in Alvarez' presence. Alvarez said some-

---

1. 26 U.S.C. § 4742(a) provides:
   "It shall be unlawful for any person,
   . . . to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

   Section 4742(a) was repealed, but this prosecution antedated the repeal and, by reason of a saving clause, was unaffected by the repeal.

thing to Sinquimani in Spanish. Sinquimani asked Henry in English where he wanted the marihuana delivered. Henry responded that it should be delivered to a point a short distance from the shop to which Henry would lead the truck. Henry stepped into the cab of the truck and saw the boxes, at least some of which were open exposing the stacked kilos of marihuana. Henry remained at the shop, and Alvarez thereafter drove the truck for several blocks, followed by federal agents other than Henry who had the truck under surveillance. Alvarez pulled over to the side of the road and stopped, leaving the motor running. One of the federal agents stopped beside the truck, told Alvarez to turn off the motor and to give him the keys. Alvarez did so, stepped out of the cab, and was placed under arrest. Agents inspected the boxes in the truck and found that they contained marihuana.

After he was arrested and informed of his constitutional rights, Alvarez told the agents: "When I saw what was in my truck, I parked it and I was leaving it. You know that because you didn't have to stop me. I stopped by myself, remember?" Alvarez, testifying in his own defense, denied loading any of the boxes and also denied that he had seen them loaded. His version of the events at the shop was that Sinquimani had asked Alvarez to lend the truck to him. Alvarez initially assented, but he thereafter received a telephone call from a customer who wanted some work done. When he left the shop, his destination was his customer's place. He denied knowing anything about the marihuana and denied that he had told the agents he had stopped the truck because he had found the marihuana. His testimony

about his destination was partially corroborated by one of his customers who had a shop in the vicinity of the place where Alvarez had stopped the truck. She testified that she had requested him to come to her place on the afternoon of October 2.

Henry at no time presented any order form to Sinquimani, de Larosa, or Alvarez.

The Government recognizes that the marihuana was never physically delivered to Henry and that no money changed hands at any time. Alvarez' acquittal on the conspiracy charge forecloses the Government from arguing that Alvarez had any agreement with Sinquimani to effect a transfer of marihuana without an order form. The Government's theory is that Sinquimani constructively transferred the marihuana to Henry when he agreed to a delivery of the marihuana at a point to which Henry would lead the truck and that Alvarez aided and abetted Sinquimani.

Assuming *arguendo*, that Sinquimani may have made a "transfer" to Henry,[2] there is no evidence that Alvarez aided and abetted that transfer. (*Cf*. Glenn v. United States (6th Cir. 1959) 271 F.2d 880.) If Sinquimani made a transfer, he did so when he talked to Henry in Alvarez' presence. No other evidence bearing on a possible transfer between Sinquimani and Henry was admitted against Alvarez. If Sinquimani then made a "transfer" and failed to get an order form, the crime was complete before Alvarez took any affirmative action. The only other time within which Sinquimani could potentially have made a "transfer" would have been when the marihuana reached a destination that

---

**2.** No authority has been found holding that a "transfer" within the meaning of § 4742(a) can be found without evidence that there was either physical delivery of the marihuana to the transferee or the exchange of money between the transferor and transferee, or both. (*E. g.*, United States v. Sannicandro (9th Cir. 1970) 434 F.2d 321 (physical delivery plus payment) ; Johnson v. United States (9th Cir. 1968) 404 F.2d 1069 (physical delivery) ; Daniels v. United States (9th Cir. 1968) 402 F.2d 30 (physical delivery) ; United States v. Ward (7th Cir. 1966) 360 F.2d 909 (physical delivery).

Henry had designated—an event that did not happen.

Alvarez transported marihuana, but he did not transfer it without an order form, directly or vicariously. He was not charged with transporting marihuana, and he cannot be convicted for that offense.

The judgment is reversed with directions to dismiss the indictment.