Luis Sanchez **PLAZOLA**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 72–1855.

United States Court of Appeals,
Ninth Circuit.

Jan. 24, 1973.

Hearing En Banc Denied Oct. 31, 1973.

Lewis A. Wenzell (argued), Matthew N. Lees, of Federal Defenders, San Diego, Cal., for petitioner-appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Stephen W. Peterson, Asst. U. S. Attys., San Diego, Cal., for respondent-appellee.

Before HUFSTEDLER, TRASK, and WALLACE, Circuit Judges.

PER CURIAM:

■ Although the authority of United States v. King (9th Cir. 1970) 430 F.2d 1177 has been eroded, it is still the law of this Circuit. On the authority of *King*, the order denying Plazola's petition in respect of his plea of guilty to 26 U.S.C. § 4755(a) is affirmed.

■ The order denying his petition in respect of his plea of guilty to 26 U.S.C. § 4744(a) is reversed. (Weber v. United States (1971) 402 U.S. 939, 91 S.Ct. 1633, 29 L.Ed.2d 107, vacating and remanding (9th Cir. 1970)' 429 F.2d 148, and Castro v. United States (1971) 403 U.S. 903, 91 S.Ct. 2215, 29 L.Ed.2d 678, vacating and remanding (9th Cir. 1971) 436 F.2d 975.)

The district court is ordered to vacate the plea to section 4744(a) and to dismiss the count of the indictment charging appellant with violation of section 4744(a).

## ON REQUEST FOR HEARING EN BANC

Before CHAMBERS, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN, and WALLACE, Circuit Judges.

An active judge in service having requested a vote on hearing en banc, the judges in active service have voted on the request. A majority of the court has voted to deny en banc hearing, and en banc hearing is accordingly denied.

HUFSTEDLER, Circuit Judge, with whom Judge ELY concurs, dissenting from the denial of hearing en banc:

The majority of the court recognizes that Leary v. United States (1969) 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, compels us to set aside Plazola's plea of guilty to a violation of former 26 U.S.C. § 4744(a) (repealed October 27, 1970). Our court had previously attempted to limit *Leary* by holding that a guilty plea pursuant to a plea bargain entered prior to the decision in *Leary* constituted a valid waiver of a defendant's right to assert his Fifth Amendment defense to a criminal prosecution. (*See, e.g.*, United States v. Weber (9th Cir. 1970) 429 F.2d 148, vacated (1971) 402 U.S. 939, 91 S.Ct. 1633, 29 L.Ed.2d 107; Cochran v. United States (9th Cir. 1970) 432 F.2d 1356, vacated (1971) 402 U.S. 939, 91 S.Ct. 1634, 29 L.Ed.2d 107; Castro v. United States (9th Cir.) 436 F.2d 975, vacated (1971) 403 U.S. 903, 91 S.Ct. 2215, 29 L.Ed.2d 678.) [1]

---

1. The *Weber* panel acknowledged that in Meadows v. United States (9th Cir. 1969) 420 F.2d 795, 797–798, we had refused to find that a guilty plea constituted a valid waiver of a defendant's Fifth Amendment privilege if that privilege was based upon new law which could not have been anticipated at the time of the guilty plea. However, in addition to asserting that Brady v. United States (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, Parker v. North Carolina (1970) 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, and McMann v. Richardson (1970) 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, cast doubt on the continued validity of *Meadows*, the *Weber* panel reasoned that the *Leary* result could have been

The effort was decisively rejected by the Supreme Court when it vacated and remanded United States v. Weber, *supra,* Cochran v. United States, *supra,* and Castro v. United States, *supra,* "for reconsideration in light of this Court's decisions in Leary v. United States, 395 U.S. 6 [89 S.Ct. 1532, 23 L.Ed.2d 57] (1969), and United States v. United States Coin & Currency, 401 U.S. 715 [91 S.Ct. 1041, 28 L.Ed.2d 434]." Because our opinion in *Weber,* followed in *Cochran* and *Castro,* discussed *Leary* and accepted its retroactivity, the major issue decided in *United States Coin & Currency,* the Supreme Court's mandate to reconsider in the light of the cited cases necessarily means that, in holding that a guilty plea waived a defendant's right to raise a Fifth Amendment defense to a section 4744(a) prosecution, we had not interpreted *Leary* correctly. (*See* Navarro v. United States (9th Cir. 1971) 449 F.2d 113, 114.)

The majority does not attempt to assert the indefensible position that Plazola's guilty plea, which could not constitute a valid waiver of his right to assert a Fifth Amendment defense to an alleged violation of section 4744(a), was a waiver of his right to assert the defense to an alleged violation of former 26 U.S.C. § 4755(a)(1) (repealed October 27, 1970).[2] The district court's refusal to vacate the plea and to dismiss the count of the indictment charging Plazola with a violation of section 4755(a)(1) should be affirmed, therefore, only if there is a constitutionally significant difference between that section and section 4744(a), to which a timely assertion of the privilege against self-incrimination constitutes a complete defense. (Leary v. United States, *supra.*) Precisely that question was addressed in United States v. King (9th Cir. 1970.) 430 F.2d 1177.

By adopting as its own the opinion of the district court (United States v. King (S.D.Cal.1969) 307 F.Supp. 217), the *King* panel held that section 4755(a)(1)'s proscription of importation of marihuana without registering as an importer and paying the tax specified by law was distinguishable from section 4744(a)'s requirement that a tax be paid on all transfers of marihuana. The district court reasoned that an importer who declares that he is bringing contraband marihuana into the United States will have his goods seized and destroyed at the border. By registering and declaring his marihuana, the importer has complied with section 4755(a)(1); and, since he no longer possesses the marihuana, he is immunized from federal or state criminal prosecution for related offenses. The court added that "[i]t is, as a practical matter, unthinkable that a state would attempt to prosecute any person for possesssion of marijuana if the possession were nothing more than a border station possession of declared marijuana." (307 F.Supp. at 218.)

The factual and legal predicates for these conclusions are lacking. Plazola and King, like Leary, had ample reason to fear that information thus supplied to federal customs officials would be transmitted to federal and state officials, exposing each to a " 'real and appreciable' risk of self-incrimination." (Leary v. United States, *supra,* 395 U.S. at 16, 89 S.Ct. at 1537.) Even if the mari-

---

anticipated after the Supreme Court decisions in Marchetti v. United States (1968) 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, Grosso v. United States (1968) 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and Haynes v. United States (1968) 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923. Accordingly, a guilty plea entered pursuant to a plea bargain after the *Marchetti-Grosso-Haynes* trilogy was held to constitute a knowing waiver of a defendant's Fifth Amendment rights. (429 F.2d at 149–151.)

2. Section 4755(a)(1) provided: "Liability. —It shall be unlawful for any person required to register and pay the special tax under the provisions of section 4751 to 4753, inclusive, to import, manufacture, produce, compound, sell, deal in, dispense, distribute, prescribe, administer, or give away marihuana without having so registered and paid such tax."

huana had been confiscated by customs officials, Plazola could have been prosecuted for an attempt to import marihuana into California, an offense punishable by at least five years imprisonment. (Cal. Health & Safety Code § 11360 (1973) (formerly Cal. Health & Safety Code § 11531).) Moreover, risk of prosecution for possession of marihuana following confiscation at the border was not "unthinkable." California law makes no distinction between possession for brief and lengthy periods of time. (*See* Cal. Health & Safety Code § 11357 (1973) (formerly Cal. Health & Safety Code § 11530).) Indeed, California has successfully prosecuted a defendant for possessing contraband in California when his only possession within the state occurred while crossing a county highway between the international border with Mexico and a federal customs inspection station. (People v. Allen (4th Dist. 1959) 172 Cal.App.2d 520, 342 P.2d 368 (illegal possession of firearm). *See also* People v. Mendoza (4th Dist. 1967) 251 Cal.App.2d 835, 840, 60 Cal.Rptr. 5, 8.) In addition, Plazola's declaration at the border would not have insulated him from a federal charge of conspiring to import marihuana without complying with the registration and taxing requirements (*see* former 21 U.S.C. § 176a (repealed October 27, 1970); 18 U.S.C. § 371) if, as could have been the case, a conspiracy offense had been completed before an attempted recantation at the border. Thus, the federally required declaration forced an importer like Plazola to identify himself as a member of a "selective group inherently suspect of criminal activities." (Leary v. United States, *supra,* 395 U.S. at 18, 89 S.Ct. at 1539; Haynes v. United States (1968) 390 U.S. 85, 98, 88 S.Ct. 722, 19 L.Ed.2d 923.) Such a compelled declaration is a clear violation of the Fifth Amendment rights recognized by the Supreme Court in Marchetti v. United States (1968) 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States (1968) 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Haynes v. United States, *supra*; and Leary v. United States, *supra.*

An equally significant shortcoming of the *King* analysis is its failure to support the premise that once a registered importer declares his marihuana at the border, it will be deemed "contraband" and held for destruction unless the importer may lawfully possess the marihuana under state law. Former 21 U.S.C. § 173 (repealed October 27, 1970) made it unlawful to import any narcotic drug and also provided that any such drug imported into the United States could be seized and forfeited to the United States Government. But marihuana was not included within the definition of "narcotic drug" (*see* former 21 U.S.C. § 171(a) (repealed October 27, 1970); former 26 U.S.C. § 4731(a) (repealed October 27, 1970)). Former 21 U.S.C. § 176a, dealing expressly with marihuana, contained no forfeiture provision. No other section of the United States Code gives federal customs agents the authority to confiscate marihuana which was not imported into the United States by fraudulent means.

*Leary* and the *Marchetti-Grosso-Haynes* trilogy require that we recognize Plazola's right to raise his Fifth Amendment privilege as a complete defense to this criminal prosecution under former section 4755(a)(1) for failure to register and pay the required importer's tax. Accordingly, I would hear this case en banc, overrule *King,* and reverse the district court's denial of the petition for writ of error coram nobis.