**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Angel DEL VALLE–ROJAS, Defendant-Appellant.**

**No. 72–1357.**

United States Court of Appeals,
Ninth Circuit.

June 13, 1972.

Rehearing Denied July 10, 1972.

Kevin J. McInerney, of McInerney, Milchen & Frank, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Douglas G. Hendricks, Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, ELY and GOODWIN, Circuit Judges.

PER CURIAM:

Appellant was convicted upon his guilty plea of aiding and abetting illegal entry of aliens, a misdemeanor, in violation of 18 U.S.C. § 2 and 8 U.S.C. § 1325. He now appeals, contending that he should have been allowed to withdraw his guilty plea and that his right to confront the witnesses against him was abridged.

Appellant moved to withdraw his guilty plea on the day set for his sentencing. He said he no longer felt he was guilty.

The government contested the motion, pointing out that it had relied on the guilty plea in releasing the key witnesses to return to Mexico and that their presence would be virtually impossible to obtain again. The government also pointed out that the appellant was an experienced offender and that he had bargained for a misdemeanor plea in this case, which had commenced as a felony prosecution.

■ While a withdrawal of a guilty plea should be freely allowed prior to sentencing, Kadwell v. United States, 315 F.2d 667, 670–671 (9th Cir. 1963), there is no absolute right to change a plea. Sherman v. United States, 383 F.2d 837, 840 (9th Cir. 1967). Rather, the decision is committed to the sound discretion of the district court. *See* United States v. Fragoso-Gastellum, 456 F.2d 1287 (9th Cir. 1972); Leano v. United States, 457 F.2d 1208 (9th Cir. 1972); United States v. Youpee, 419 F.2d 1340, 1343 (9th Cir. 1969); Sherman v. United States, *supra*; Zaffarano v. United States, 330 F.2d 114, 115 (9th Cir.), cert. denied, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964). Prejudice to the government is one element to be weighed in the district court's evaluation of a defendant's motion. *See, e. g.,* United States v. Lombardozzi, 436 F.2d 878, 881 (2d Cir.), cert. denied, 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971).

■ The guilty plea was taken in accordance with Fed.R.Crim.P. 11. After the government had released its witnesses, and they had disappeared into Mexico, the appellant understandably desired to reconsider his guilty plea. But the plea was valid, and it would be manifestly unjust to set it aside in the circumstances of this case. The district court did not abuse its discretion.

■ Appellant also contends that his right of confrontation was denied, because his attorney, without his knowledge and consent, had released two alien witnesses after interviewing them. The guilty plea came after the interview, and waived any second thoughts about witnesses.

Affirmed.