**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roberto VASQUEZ-VELASCO,**
**Defendant-Appellant.**

**No. 72-1450.**

United States Court of Appeals,
Ninth Circuit.

Jan. 5, 1973.

John R. Lauricella (argued), San Francisco, Cal., for defendant-appellant.

Shelby R. Gott, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

In 1967, appellant was charged in a two count indictment with (1) smuggling into the United States 10 ounces of heroin, and (2) transportation and concealment of the same heroin, all in violation of 21 U.S.C. § 174. Appellant failed to appear on his trial date of November 25, 1968 and was thereafter indicted for bail jumping. He was arrested in August, 1971, and, on October 26, 1971, after a series of continuances, he pled guilty to both charges. After the death of the chief government witness, appellant filed a motion to withdraw the guilty plea. From the order denying the motion and the ensuing judgment of conviction and commitment, the appellant prosecutes this appeal.

Recognizing, as we do, that a pre-sentence motion to withdraw a guilty plea should be freely allowed, Kadwell v. United States, 315 F.2d 667, 670 (CA9 1963), we must also keep in mind that the sole question on appeal from a denial of such a motion is whether the trial court abused its discretion. Sherman v. United States, 383 F.2d 837, 840 (CA9 1967); Zaffarano v. United States, 330 F.2d 114 (CA9 1964), cert. denied 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35. We have uniformly held that a defendant has no *right* to withdraw a guilty plea under Rule 32(b), F.R.Crim.P. United States v. Youpee, 419 F.2d 1340, 1343 (CA9 1969). The "freely allowed" standard mentioned in *Kadwell* does not eliminate discretion on the part of the trial court. United States v. Youpee, *supra;* Sherman v. United States, *supra.* Prejudice to the government is one factor to be considered by the district court in its evaluation of the merits of the defendant's motion to withdraw his plea. United States v. Del Valle-Rojas, 463 F.2d 228, 229 (CA9 1972). Here, through no fault of its own, the government lost its principal witness. On this record, the lower court did not abuse its discretion

in denying the plea. Leano v. United States, 457 F.2d 1208, 1209 (CA9 1972).

On appellant's other point, our examination of the record convinces us that appellant was adequately advised of his rights under Rule 11, F.R.Crim.P., and that the guilty plea was voluntarily made by him with a full understanding of the nature of the charges and the consequences of the plea.

Judgment affirmed.