UNITED STATES of America, Appellee,

v.

Eddie Lee KING, Appellant.

No. 79–1645.

United States Court of Appeals,
Ninth Circuit.

May 8, 1980.

§ 7206(1). Before sentencing, the district court denied his motion to withdraw the guilty plea and from that denial he appeals. We affirm.

## ISSUE

The sole issue presented to us is whether the district court abused its discretion in denying appellant's motion to withdraw his guilty plea.

## DISCUSSION

██ The motion to withdraw a plea of guilty is governed by Rule 32(d), FRCrimP. While a motion to withdraw a guilty plea prior to sentencing should be freely allowed, *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *United States v. Vasquez-Velasco*, 471 F.2d 294 (CA9 1973), *cert. denied* 411 U.S. 970, 93 S.Ct. 2163, 36 L.Ed.2d 692, the question is committed to the sound discretion of the district court. *Vasquez-Velasco, supra; United States v. Del Valle-Rojas*, 463 F.2d 228, 229 (CA9 1972); *Leano v. United States*, 457 F.2d 1208 (CA9 1972), *cert. denied* 409 U.S. 889, 93 S.Ct. 162, 34 L.Ed.2d 146; *United States v. Fragoso-Gastellum*, 456 F.2d 1287 (CA9 1972), *cert. denied* 406 U.S. 970, 92 S.Ct. 2427, 32 L.Ed.2d 669. Clearly, a defendant has no right to withdraw his guilty plea. *United States v. Simmons*, 497 F.2d 177 (CA5 1974), *cert. denied* 419 U.S. 1048, 95 S.Ct. 623, 42 L.Ed.2d 643; *United States v. Webster*, 468 F.2d 769 (CA9 1972), *cert. denied* 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597; *Del Valle-Rojas, supra; Dorton v. United States*, 447 F.2d 401 (CA10 1971); *United States v. Young*, 424 F.2d 1276 (CA3 1970); *United States v. Mancusi*, 429 F.2d 104 (CA2 1970), *cert. denied* 402 U.S. 909, 91 S.Ct. 1385, 28 L.Ed.2d 651 (1971). The burden is on the defendant to show abuse of discretion. *Vasquez-Velasco, supra; Del Valle-Rojas, supra; United States v. Youpee*, 419 F.2d 1340 (CA9 1969).

Edward J. Horowitz, Los Angeles, Cal., for appellant.

Hecter C. Perez, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before KILKENNY and CHOY, Circuit Judges, and EAST, District Judge.*

KILKENNY, Circuit Judge:

Appellant, on his plea of guilty, was convicted of filing a false and fraudulent income tax return in violation of 26 U.S.C.

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Appellant King contends that the district court abused its discretion because he was not informed of the potential effects his guilty plea and conviction might have on subsequent civil litigation the government might bring to recover unpaid taxes. The core of his appeal is that the district court should have inquired into whether appellant understood that his guilty plea would have "direct and irreversible consequences on his civil income tax liability." Neither counsel nor the court informed him of the possibility that his guilty plea might be used against him in subsequent civil litigation.

FRCrimP 11 sets forth in positive language the subjects into which the district court must inquire before it accepts a guilty plea. The legislative history of Rule 11 clearly indicates that Congress intended to precisely define the advice the district court must give the defendant.[1] The former Rule 11 required that the court determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." By amendments effective in 1975, Congress explicitly required the district court to advise the defendant of his right: (1) to counsel; (2) to trial by jury; (3) of confrontation and cross-examination, and; (4) not to be compelled to incriminate himself. In addition, Rule 11 directs the district court to advise the defendant of the nature of the charge against him, the maximum and minimum penalties provided by law, and that the answers given by the defendant under oath could be used against him in any prosecution for perjury. The court must also determine that the plea is not a result of force, or threats, or promises, other than a plea agreement.

We have said that Rule 11, as amended, does not require the district court to inform the defendant of every possible consequence of his plea. He must be informed of the direct consequences, but not all the possible collateral consequences. *Sanchez v. United States*, 572 F.2d 210 (CA9 1977). For example, it is unnecessary to inform a defendant of: (1) the possibility of revocation of parole, *Sanchez, supra*; (2) the possibility that a federal sentence might be ruled to run consecutively to a state sentence, *Faulisi v. Daggett*, 527 F.2d 305 (CA7 1975); (3) his potential deportation, *Fruchtman v. Kenton*, 531 F.2d 946 (CA9 1976), *cert. denied* 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 and; (4) the likelihood of an undesirable military discharge. *Redwine v. Zuckert*, 317 F.2d 336 (D.C. Cir. 1963).

Although it might be desirable to inform a defendant that his guilty plea would probably have the collateral consequence of estopping him from denying that his tax return was false and fraudulent in subsequent civil litigation, such a warning is neither required by Rule 11, nor by any authority cited to us, or which has been discovered as a result of our own research.

Moreover, civil tax liability does not follow directly from a guilty plea to a charge of filing a false and fraudulent tax return.

---

1. The Notes of Committee on the Judiciary, House Report No. 94–247 provides in pertinent part:

"The Committee recast the language of Rule 11(c), which deals with the advice given to a defendant before the court can accept his plea of guilty or nolo contendere. The Committee acted in part because it believed that the warnings given to the defendant ought to include those that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), said were constitutionally required. In addition, and as a result of its change in subdivision (e)(6), the Committee thought it only fair that the defendant be warned that his plea of guilty (later withdrawn) or nolo contendere, or his offer of either plea, or his statements made in connection with such pleas or offers, could later be used against him in a perjury trial if made under oath, on the record, and in the presence of counsel." Historical Note following text of FRCrimP 11, USCA, pp. 18–19.

The Conference Committee Notes, House Report No. 94–414, Note to subdivision (c) says:

"Rule 11(c) enumerates certain things that a judge must tell a defendant before the judge can accept that defendant's plea of guilty or nolo contendere. The House version expands upon the list originally proposed by the Supreme Court. The Senate version adopts the Supreme Court's proposal.

The Conference adopts the House provision." Historical Note following text of FRCrimP 11, USCA, p. 19.

See also, 1974 Amendment, Notes of Advisory Committee on Rules following text of FRCrimP 11, USCA, pp. 21–22.

Like deportation proceedings, the government must first decide to bring an action. Furthermore, the guilty plea would only estop the appellant from denying that his return was false and fraudulent. The government would still be required to prove the existence and the amount of the tax deficiency before the appellant could be found liable. We have no difficulty in holding that any effect appellant's guilty plea might have on subsequent civil litigation is a mere collateral consequence of the plea. Consequently, we hold that the district court did not err in not advising appellant of the consequences of his guilty plea on potential civil litigation.

### CONCLUSION

The record reveals that the district court scrupulously complied with FRCrimP 11, advising appellant of his rights and the direct consequences of his guilty plea. When some reservation was expressed with regard to whether appellant possessed the requisite mental intent to be guilty, the court specifically inquired into whether he was in fact guilty. There can be no doubt that appellant, fully aware of his rights and the direct consequences of his plea, voluntarily entered his guilty plea. The district court did not abuse its discretion in denying his motion to withdraw his plea.

The judgment is affirmed.