19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Petitioner-Appellee,
v.
Alan R. DOHNER, Respondent-Appellant.
 No. 93-55197.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 18, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Alan R. Dohner appeals pro se the district court's denial of his 28 U.S.C. Secs. 2241 and 2255 habeas petition challenging the validity of his 1976 guilty plea conviction for bank robbery and armed bank robbery, and the Parole Commission's actions extending Dohner's term of imprisonment beyond the original ten-year term.
 
 
 3
 We review the district court's denial of Dohner's habeas petition de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 4
 Pursuant to a plea agreement, the district court sentenced Dohner to a ten-year term of imprisonment on March 24, 1976. Dohner was paroled on June 13, 1979, but was subsequently convicted and incarcerated by the state of California on unrelated charges. While he was in state prison, the Parole Commission revoked Dohner's parole, ordering that none of the time spent on parole would be credited against Dohner's federal sentence and that the unexpired portion of his federal sentence would commence upon his release from state custody. On April 27, 1987, Dohner was released from state custody and taken into federal custody. On March 11, 1991, he was mandatorily released from federal custody, based on good time credits. However, on September 1, 1992, the Parole Commission revoked his mandatory release based on new criminal activity. Dohner was finally released from confinement on April 1, 1993, and as of June 11, 1993 Dohner had satisfied his sentence and was no longer under supervision.
 
 
 5
 As a preliminary matter, the United States argues that Dohner's appeal is moot because he has completed his sentence. "[B]ecause a felony conviction may cause a defendant to suffer adverse collateral consequences even after he has served his sentence, a defendant's release from custody prior to the completion of his federal habeas corpus proceedings will not render his petition moot." Prantil v. California, 843 F.2d 314, 316 n. 2 (9th Cir.) (citing Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968), cert denied, 488 U.S. 861 (1988). Therefore, Dohner's challenge to the validity of his conviction is not rendered moot by completion of his sentence. However, Dohner's claims challenging the term of his incarceration are rendered moot by the completion of his sentence because this court is unable to grant Dohner any relief regarding his sentence as the challenged sentence has already been completed. See, e.g., Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988); see also Aaron v. Pepperas, 790 F.2d 1360, 1361-62 (9th Cir.1986).
 
 
 6
 Dohner contends that the district court erred in finding that his guilty plea was valid. This contention lacks merit.
 
 
 7
 Dohner argues that the trial court's failure to advise him that future parole violations and future state criminal convictions might extend incarceration or supervision under his federal sentence beyond a ten-year period renders his guilty plea invalid.
 
 
 8
 "Due process guarantees under the fifth amendment require that a defendant's guilty plea be voluntary and intelligent." Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988). A guilty plea is voluntary only if the defendant is fully aware of the direct consequences of his plea. Id. However, the court need not advise the defendant of all the possible collateral consequences of entering a guilty plea. United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989). "For example, it is unnecessary to inform a defendant of: (1) the possibility of revocation of parole; (2) the possibility that a federal sentence might be ruled to run consecutively to a state sentence...." United States v. King, 618 F.2d 550, 552 (9th Cir.1980) (citations omitted).
 
 
 9
 "The distinction between a direct and collateral consequence of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Torrey, 842 F.2d at 236 (quotations omitted). "The court cannot be required to foresee an accused's future conduct and to predict all possible alternative ramifications thereof." Id.
 
 
 10
 Here, the consequences of which Dohner complains were, at the time of his plea, contingent upon his own future conduct. The court was not obliged to advise him of the possible consequences of committing crimes or parole violations while on parole. Therefore, the district court did not err in finding that Dohner's guilty plea was valid. See Torrey, 842 F.2d at 236, and King, 618 F.2d at 552.
 
 
 11
 Dohner also contends that the district court erred in denying his habeas petition without holding an evidentiary hearing. This contention lacks merit.
 
 
 12
 We review the district court's denial of an evidentiary hearing for abuse of discretion. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). Because Dohner's petition fails as a matter of law based on the undisputed facts, the district court did not err in declining to hold an evidentiary hearing. See Anderson v. United States, 898 F.2d 751, 753 (9th Cir.1990) (per curiam).
 
 
 13
 Finally, Dohner contends that the district court erred in denying his motion to recuse Magistrate Judge Eick. This contention lacks merit.
 
 
 14
 We review the denial of a motion to recuse for abuse of discretion. Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987).
 
 
 15
 Recusal is required "only if bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991) (citing Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir.1988)). Dohner's charge of prejudice against Magistrate Judge Eick is based on his disagreement with actions taken by Magistrate Judge Eick in prior hearings regarding this case, and the non-random assignment of Magistrate Judge Eick to this case. Although Dohner alleges that Magistrate Judge Eick has a personal bias against him, this allegation is not supported by reference to any specific facts. Such an allegation is insufficient to support a motion for recusal. See, e.g., United States v. Sibla, 624 F.2d 864, 868 (9th Cir.1980). Therefore, the district court did not abuse its discretion in denying Dohner's motion to recuse Magistrate Judge Eick.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3