133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MICHAEL LAWRENCE NORMAN, Defendant-Appellant,
 No. 96-10206.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1997.
Decided Dec. 24, 1997.
As Amended May 28, 1998.
 
 Before HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Norman appeals from his judgment of conviction, challenging the denial of his motion to withdraw his guilty plea. The district court had jurisdiction pursuant to 1.8 U.S.C. § 3231 and 21 J.S.C. §§ 841, 846, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand for further proceedings.
 
 
 2
 Norman argues that he had a fair and just reason for withdrawing his plea, because the district court lacked the power to give him the benefit of the plea agreement: incarceration for 168 months.
 
 
 3
 We are highly dubious that a district court could ever effectuate a stipulated incarceration of the type anticipated by the plea agreement, and the district court's inability to effectuate the plea agreement would constitute a 'fair and just reason' for withdrawal of Norman's plea. Nevertheless, the prejudice to the government in allowing Norman to withdraw his plea must be considered before a plea can be vacated. United States v. Vasquez-Velasco, 471 F.2d 294, 294 (9th Cir.1973) (per curiam); United States v. Del Valle-Rojas, 463 F.2d 228, 229 (9th Cir.1972) (per curiam) (Del Valle-Rojas).
 
 
 4
 The government may well be prejudiced if Norman is allowed to withdraw his plea, but the record before us is insufficiently developed for us to determine whether the district court abused its discretion in denying the motion to withdraw. We therefore vacate the district court's order denying the motion, and remand for a finding of whether the district court is capable of effectuating the plea agreement and, if not, whether there is sufficient prejudice to the government such that "it would be manifestly unjust to set [the plea] aside in the circumstances of this case." Del Valle-Rojas, 463 F.2d at 229.
 
 
 5
 Norman's other grounds for appeal are meritless. United States v. Hyde, 117 S.Ct. 1630, 1631 (1997), has undercut his argument that he had an absolute right to withdraw his guilty plea at any time prior to sentencing. Rule 11(e) of the Federal Rules of Criminal Procedure contains no requirement that the plea agreement be in writing. Moreover, the district court stated in open court what it understood the terms of the agreement to be, and counsel agreed. The terms of the agreement were not ambiguous. Finally, Norman stated at the plea hearing that he could understand what was happening and his counsel agreed. We reject his argument that he did not have the ability and capacity to enter into the plea agreement
 
 
 6
 AFFIRMED IN PART AND VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 7
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.