Luis **RAMOS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 02–CO–1028.

District of Columbia Court of Appeals.

Submitted Jan. 13, 2004.

Decided Jan. 22, 2004.

---

Billy L. Ponds, Washington, DC, was on the brief for appellant.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, Elizabeth H. Carroll, Diane G. Lucas, and Lisa H. Schertler, Assistant United States Attorneys, were on the brief for appellee.

Before SCHWELB and REID, Associate Judges, and FERREN, Senior Judge.

SCHWELB, Associate Judge:

■ Luis Ramos appeals from an order denying without a hearing his motion to vacate his sentence pursuant to D.C.Code § 23–110 (2001). Ramos claims that his student attorney and the student's supervisor were constitutionally ineffective by not advising him, in relation to his plea of guilty to a simple assault on his girlfriend, that his probation in a separate case in Maryland could be revoked on account of his plea and conviction. We conclude that Ramos' contention is without merit.

■ "In general, neither the trial judge nor defense counsel is required to explain the 'collateral consequences' of a guilty plea to the defendant." [*Carlos*] *Goodall v. United States*, 759 A.2d 1077, 1081 (D.C.2000). "The consequences of a plea are direct when they have a definite and immediate impact on the range of defendant's punishment." *Id.* (citation omitted). Unless a consequence of a guilty plea is "absolutely part and parcel to the sentence itself," it is collateral. *Id.* "[R]evocation of probation is not an immediate and automatic consequence of pleading guilty." *Parry v. Rosemeyer*, 64 F.3d 110, 114 (3d Cir.1995); *see also United States v. King*, 618 F.2d 550, 552 (9th Cir.1980) (revocation of parole). Accordingly, Ramos' attorneys' alleged failure to advise Ramos of the possibility that his Maryland probation would be revoked did not amount to constitutionally deficient representation, *see generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and there was no "manifest injustice." [1]

*Affirmed.* [2]

---

1. A motion brought pursuant to D.C.Code § 23–110 attacking the voluntariness of a guilty plea is to be adjudicated under the "manifest injustice" standard of Rule 32(b) of the Superior Court's Rules of Criminal Procedure. *McClurkin v. United States*, 472 A.2d 1348, 1352 (D.C.1984).

2. Ramos' reliance on *Kyu Hong Kim v. United States*, 792 A.2d 241 (D.C.2002), is misplaced.

That case involved counsel's allegedly inadequate advice to a defendant in connection with the potential consequences of a guilty plea on deportation, exclusion, and denial of naturalization. The Council has enacted a statute requiring that information on this subject be provided (by the court) to a defendant who proposes to plead guilty. *See* D.C.Code § 16–713 (2001); *Van Slytman v. United States*, 804 A.2d 1113, 1115–18 (D.C.2002). By contrast, no statute requires that a defendant who is entering a plea of guilty be advised by anyone of the possibility that the defendant's probation will be revoked as a result of his plea.