Darrell R. DENSON, Appellant,

v.

UNITED STATES, Appellee.

No. 04–CF–1167.

District of Columbia Court of Appeals.

Argued Nov. 8, 2006.
Decided Nov. 28, 2006.*

---

\* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. At the request of the appellee, it is being published as an opinion.

William G. Dansie, appointed by the court, for appellant.

Nicholas P. Coleman, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney at the time the brief was filed, Roy W. McLeese III, Gregory G. Marshall, and Anthony F. Scarpelli, Assistant United States Attorneys, were on the brief, for appellee.

Before KRAMER and THOMPSON, Associate Judges, and KING, Senior Judge.

PER CURIAM:

Appellant, who on November 15, 2003, pleaded guilty to two counts of second-degree child sexual abuse,[1] one count of unlawful possession of PCP,[2] and one count of unlawful possession of ammunition,[3] now seeks reversal of the trial court's denial of his pre-sentence motion to withdraw his guilty plea. Appellate counsel has advanced a shifting array of arguments in support of this request. Because none of them has merit, we affirm.

The underlying facts of this case are described at length in the government's brief. In summary, appellant, at the time of his guilty plea, admitted to sexually assaulting two 13–year–old girls in two separate incidents that occurred 12 days apart. In each case, appellant first incapacitated his victim with alcohol or PCP. After appellant assaulted the second victim at his apartment and threatened her with death, she escaped and alerted a bystand-

er, who called the police. Appellant was later arrested on the scene as he attempted to flee, and police executed a search warrant at his apartment, recovering, *inter alia,* PCP and a total of 98 rounds of two different calibers of handgun ammunition. Following his guilty plea, appellant moved unsuccessfully to withdraw it. He was subsequently sentenced to a total of 13 years and 180 days of imprisonment, to be followed by three years of supervised release.

The question of what issues are before the court is unusually convoluted in this case, in part because appellant submitted two separate briefs on appeal and then further modified his claims at oral argument. Appellant's first brief, filed January 12, 2006, asserts that the trial court violated the requirements of Superior Court Rule of Criminal Procedure 11(c)(1) during the guilty plea proceeding. In pertinent part, Rule 11(c)(1) requires the trial court to inform a defendant who is pleading guilty of the "mandatory minimum penalty provided by the law, if any, and the maximum possible penalty provided by law." Appellant argues in his first brief that the trial court erred by not informing him: (1) of the "maximum penalty" under the District of Columbia Sex Offender Registration Act ("SORA"), D.C.Code §§ 22–4001–4016 (2006 Supp.); and (2) that he would be forfeiting his "fundamental and personal right to privacy" by pleading guilty to a registration offense.

Appellant's second brief, filed on April 11, 2006, and captioned "First Amended Brief of Appellant," retains these two arguments. It also adds a third based on ineffective assistance of counsel. Defense counsel's performance was deficient, according to appellant, because she failed to

---

**1.** D.C.Code § 22–3009 (2001).

**2.** D.C.Code § 48–904.01 (2001).

**3.** D.C.Code § 7–2506.01(3) (2001).

inform him that as a condition of supervised release, he would be required to avoid associating with minors.

At oral argument, appellant abandoned the SORA-related claims set out in his briefs. Instead, he pursued a hybrid of his third claim, focusing solely on the prohibition on contact with minors that he anticipates will be a condition of his supervised release. Characterizing this condition as an invasion of his "fundamental right of ... free association," appellant argued that both the trial court and defense counsel had a duty to advise him of it before he pleaded guilty to ensure that his waiver of this "right" would be knowing and voluntary.

Preliminarily, we note that appellant's SORA-related claims were effectively preempted by two cases decided before appellate counsel filed his first brief in this appeal, *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) and *In re W.M.*, 851 A.2d 431 (D.C.2004), both of which held that the sorts of sex offender registration requirements imposed by and implemented under SORA are not punitive and do not violate fundamental constitutional rights. Perhaps appellant's belated recognition of this accounted for the sudden shift in emphasis displayed at oral argument. In any event, the theories appellant advances with regard to the anticipated condition of his supervised release are likewise without merit.

 As a threshold matter, the record is by no means clear that the condition at issue has been or will be imposed in appellant's particular case. However, even if appellant had established with certainty that he would be subject to the condition, it is at most a collateral consequence of his conviction. Thus, neither the trial court nor defense counsel had a duty to inform appellant of the condition before he pleaded guilty. Rule 11(c)(1)'s requirement that a defendant be notified of the mandatory minimum and the maximum possible penalties for the offense to which he is pleading guilty refers to those "direct" consequences that "have a definite and immediate impact on the range of defendant's punishment" and that are "absolutely part and parcel to the sentence itself." [*Carlos* ] *Goodall v. United States,* 759 A.2d 1077, 1081 (D.C.2000). "In general," on the other hand, "neither the trial judge nor defense counsel is required to explain the collateral consequences of a guilty plea to the defendant." *Ramos v. United States,* 840 A.2d 1292, 1293 (D.C. 2004) (internal quotation marks and citation omitted).

 Under District of Columbia law, discretionary conditions of supervised release, such as the one at issue, are imposed not by the trial court, but by an independent administrative agency, the U.S. Parole Commission, which has statutory discretion to impose "any condition ... it considers to be appropriate." D.C.Code § 24–403.01(b)(6) (2006 Supp.); 18 U.S.C. § 3583(d).[4] Therefore, while the imposition of a condition prohibiting contact with minors may, as appellant alleges, be a "predictable" part of supervised release for an offender convicted of child sexual abuse, it is not "absolutely part and parcel to the sentence itself," nor does it "have a definite and immediate impact on the range of defendant's *punishment.*" [*Carlos*] *Goodall, supra,* 759 A.2d at 1081 (emphasis supplied); *see also Johnson v. United*

4. The Parole Commission's discretion is cabined by the requirements that the condition be reasonably related to specified purposes of supervised release, that it imposes no greater deprivation of liberty than is necessary to achieve those purposes, and that it is consistent with pertinent policy statements issued by the U.S. Sentencing Commission. *See* D.C.Code § 24–403.01(b)(6) (2006 Supp.);18 U.S.C. § 3583(d).

*States,* 529 U.S. 694, 708–709, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (indicating that the congressional policy behind supervised release is rehabilitative, not punitive).[5] It is instead akin to other predictable repercussions of a criminal conviction that we have recognized as non-punitive collateral consequences of which neither Rule 11 nor the Constitution require a defendant to be advised before he or she pleads guilty. *See, e.g., Ramos, supra,* 840 A.2d at 1293 (revocation of probation); *[Carlos] Goodall, supra,* 759 A.2d at 1081 (parole eligibility); *Redwine v. Zuckert,* 115 U.S.App.D.C. 130, 132, 317 F.2d 336, 338 (1963) ("undesirable discharge" from the military).[6]

The judgment of the trial court is accordingly

*Affirmed.*

5. Appellate counsel also asserted at oral argument that the trial court's and defense counsel's duty to advise a defendant contemplating a guilty plea extends to all fundamental rights that may be infringed by conditions of supervised release. Yet when confronted with examples of other commonly-imposed conditions that would fit within this category (such as prohibitions on unauthorized travel outside the District or on contact with the victim of the offense), he retreated from that position and confined his assertion to the specific condition at issue, that is, that those convicted of child sexual abuse not associate with children.

6. Of course, the minimum standards set by the Constitution and Rule 11 do not necessarily establish best practices in all circumstances, and attorneys should not be discouraged from informing their clients to the fullest extent practicable of the possible consequences of taking various legal decisions. Statutory law may also impose additional duties upon the attorney or the court in certain contexts. *See, e.g.,* D.C.Code § 16–713 (2001) (requiring the trial court, before accepting a plea of guilty or *nolo contendere,* to advise the defendant that if he or she is not a United States citizen, conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States").