**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus REYNA–ZARAGOZA,**
**Defendant–Appellant.**

**No. 05–30481.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed May 11, 2007.

by 9th Cir. R. 36–3.

Kemp L. Strickland, Pamala R. Holsinger, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Michael R. Levine, Law Office of Michael R. Levine, Esq., Portland, OR, Defendant–Appellant.

Before: RYMER, GRABER, and BEA, Circuit Judges.

## MEMORANDUM *

Jesus Reyna–Zaragoza ("Reyna") appeals the district court's order denying his motion to withdraw his guilty plea to conspiracy to manufacture over 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and,

reviewing for abuse of discretion, *United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (9th Cir.2004), affirm. Because the facts are known to the parties, we revisit them only as necessary.

The district court did not abuse its discretion in ruling that neither the appearance of Reyna's sister prior to the change in plea hearing nor the alleged breakdown in the attorney-client relationship constitutes a fair and just reason for withdrawal of the guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). Further, the district court did not abuse its discretion in rejecting Reyna's contention he did not understand the potential maximum sentence was life imprisonment. The record of the plea colloquy demonstrates that Reyna's plea was knowing, voluntary, and uncoerced.

Even if the newly discovered impeachment evidence constitutes a fair and just reason for withdrawal of the guilty plea, the district court was within its discretion to deny Reyna's motion on the grounds such a withdrawal would materially prejudice the government. *United States v. Garcia,* 401 F.3d 1008, 1013 (9th Cir.2005); *United States v. Vasquez–Velasco,* 471 F.2d 294, 294 (9th Cir.1973) (per curiam).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.