**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10274 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00018-EJG-1 |
| v. | |
| GLORIA GIANNINI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, Senior District Judge, Presiding

Argued and Submitted June 16, 2011
San Francisco, California

Before: BYBEE and MURGUIA, Circuit Judges, and EZRA, District Judge.**

Defendant-Appellant Gloria Giannini appeals the district court's denial of

her motions for (1) recusal, (2) withdrawal of her guilty plea, and (3) dismissal of

her indictment. We affirm on all counts.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David A. Ezra, District Judge for the U.S. District Court for Hawaii, Honolulu, sitting by designation.

A defendant's motion for recusal under 28 U.S.C. § 455(a) should be granted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citations omitted). Here, however, the district judge's negative comments were drawn from "facts introduced or events occurring in the course of the current proceedings," and therefore fail to support the recusal motion. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

Although "[a] district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any fair and just reason," *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988), a district court can also consider whether withdrawal of that plea would result in prejudice to the government, *see United States v. Vasquez-Velasco*, 471 F.2d 294, 294 (9th Cir. 1973). Because one of the government's key witnesses had died, granting Giannini's request to withdraw her plea would have resulted in prejudice to the government. Accordingly, the district court did not abuse its discretion when it denied her motion to withdraw her plea.

Finally, the district court did not clearly err in finding that Giannini's earlier plea agreement's reference to the previous "investigation" unambiguously limited additional prosecution only for the specific crimes at issue in that case. *See United*

2

*States v. Clark*, 218 F.3d 1092, 1096 (9th Cir. 2000).  The 2004 plea agreement

could not immunize Giannini for the ongoing fraud in which she was engaged, and

in which she continued until 2006.  Moreover, as the district court found, "the

fraud for which the defendant was indicted . . . was not reasonably encompassed in

the Northern District investigation" and "includ[ing] the $4 million fraud charged

in this case is 'patently unreasonable'"  (quoting *Clark*, 218 F.3d at 1096–97).  The

district court did not err in subsequently concluding that the present indictment was

not barred by the earlier plea agreement.

AFFIRMED.

United States v. Giannini, No. 10-10274

MURGUIA, Circuit Judge, dissenting:

I would reverse the district court's decision denying Defendant Appellant Giannini's motion to dismiss her indictment and remand for an evidentiary hearing. The plea agreement in this case is distinguishable from the agreement at issue in *United States v. Clark*, 218 F.3d 1092 (9th Cir. 2000). Unlike the *Clark* agreement, Ms. Giannini's agreement was oral and its terms were ambiguous. Specifically, the plea agreement was ambiguous on the issue of whether evidence uncovered in the investigation could be used as the basis for future charges in a separate proceeding. Such ambiguities are ordinarily read in the defendant's favor. *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006). I would, therefore, remand for an evidentiary hearing on the meaning of the 2005 agreement and the scope of the underlying investigation. I concur with the remainder of the majority's decision.