MEMORANDUM **
Defendant-Appellant Gloria Giannini appeals the district court’s denial of her motions for (1) recusal, (2) withdrawal of her guilty plea, and (3) dismissal of her indictment. We affirm on all counts.
A defendant’s motion for recusal under 28 U.S.C. § 455(a) should be granted if “a reasonable person with knowledge of all the facts would conclude that the judge’s impartiality might reasonably be questioned.” United States v. Holland, 519 F.3d 909, 913 (9th Cir.2008) (citations omitted). Here, however, the district judge’s negative comments were drawn from “facts introduced or events occurring in the course of the current proceedings,” and therefore fail to support the recusal motion. Liteky v. United States, 510 U.S. 540, 555-56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).
Although “[a] district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any fair and just reason,” United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988), a district court can also consider whether withdrawal of that plea would result in prejudice to the government, see United States v. Vasquez-Velasco, 471 F.2d 294, 294 (9th Cir.1973). Because one of the government’s key witnesses had died, granting Giannini’s request to withdraw her plea would have resulted in prejudice to the government. Accordingly, the district court did not abuse its discretion when it denied her motion to withdraw her plea.
Finally, the district court did not err in finding that Giannini’s earlier plea *502 agreement’s reference to the previous “investigation” unambiguously limited additional prosecution only for the specific crimes at issue in that case. See United States v. Clark, 218 F.3d 1092, 1096 (9th Cir.2000). The 2005 plea agreement did not immunize Giannini for the fraud in which she was engaged. Moreover, as the district court found, “the fraud for which the defendant was indicted ... was not reasonably encompassed in the Northern District investigation” and “includ[ing] the $4 million fraud charged in this case is ‘patently unreasonable’ ” (quoting Clark, 218 F.3d at 1096-97). The district court did not err in subsequently concluding that the present indictment was not barred by the earlier plea agreement.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.